CROW'S ADM'R.
*vs.*
CROW.

---

ORD. PET.

Case 20.

## Crow's Adm'r *vs.* Crow.

### ERROR TO WASHINGTON CIRCUIT.

1. Where there is administration with the will annexed, and bond given well and truly to administer the goods and chattels of the decedent, which should come to his hands, and pay the same to such persons as may be entitled thereto by law, and the will regularly set aside by suit, it is the duty of the administrator with the will annexed, to pay over the assets to the lawful administrator so soon as the will is annulled by the proper tribunal. To enable the administrator to perform his duty in this respect, it was his duty upon the institution of proceedings to vacate the will to keep possessed of the property, until the decision of the contest.

2. Where a bill is filed contesting a will on the same day of the qualification of the administrator with the will annexed, it is his duty to hold on to the property disposed of by the will until the contest is decided; and he cannot avoid responsibility, (nor can his sureties,) by permitting his wife to claim as devisee under the will if it be annulled.

3. A slave in possession of the husband was devised to his wife; he qualified as administrator with the will annexed; on the same day a bill was filed contesting the will, and it was annulled. Held, that as there was no formal delivery, there was not such title in the wife as drew to her the possession that her claiming right to the slave could not be regarded as an execution of the will, and the administrator and his sureties exonerated from responsibility to the heir.

4. The sureties in the bond of an administrator with the will annexed, should not be held responsible for the hire of a slave held by the administrator, under a will which is vacated and annulled until the will is vacated.

CROW's ADM'R.<br>vs.<br>CROW.

Judge MARSHALL delivered the opinion of the court.    June 24.

In January, 1841, the county court of Washington county admitted to probate a paper purporting to be the will of John Crow, by which, after directing his debts to be paid, he gave to Emily Crow, wife of William M. Crow, a negro boy, Henry, also a gold watch, and any money he might have he gave to Walter Crow, their son, for the purpose of schooling him. And at the February term, 1841, of said court, the said William M. Crow was appointed administrator with the will annexed, of said John Crow, and then executed bond in that character with John Withers and B. M. Jones, his sureties. In February, 1841, the heirs and distributees of John Crow filed their bill contesting the validity of said alleged will, on which process against said William M. Crow was served in the same month, and in April, 1846, a verdict was rendered against the will, on which a decree was shortly afterwards pronounced to the effect that the said paper was not the last will of John Crow, deceased.

*Case stated.*

After this P. C. Broyles was appointed administrator of John Crow, and in June, 1848, he commenced this suit against William M. Crow, and his sureties, Withers and Jones, to enforce their liability upon Crow's bond as administrator with the will annexed, for the estate of John Crow, which had come to his hands. The bond contains a stipulation well and truly to administer the goods and chattels of the decedent which may come to his hands, or to the hands of any one for him, and also to pay over the same to

*1. Where there is administration with the will annexed, and bond given well and truly to administer the goods and chattels of the decedent, which should come to his hands, and pay the same to such persons as may be entitled*

CROW'S ADM'R.
*vs.*
CROW.

thereto by law, and the will regularly set aside by suit, it is the duty of the administrator with the will annexed, to pay over the assets to the lawful administrator so soon as the will is annulled by the proper tribunal. To enable the administrator to perform his duty in this respect, it was his duty upon the institution of proceedings to vacate the will to keep possession of the property, until the decision of the contest.

such persons as may be entitled thereto by law. Under these stipulations it was the duty of the administrator with the will annexed, and for which his sureties were bound, to pay over to the lawful administrator so soon as as the will and the authority claimed under it, and under the probate, were annulled by the sentence of the proper tribunal, and an administrator appointed, every part of the personal estate of John Crow, which was then in his hands, or under his control by virtue of his character as administrator; and as such was undoubtedly his duty upon the annullment of the will, it seems to us, that from the very moment when he had notice that the will was questioned by regular proceeding, which might result in its annullment, it was his duty to look to that event, and to maintain the possession or control of the assetts then in his hands or power, so as to be able to perform his duty in any event of the contest on the will and that any failure in this respect was or would be a breach of the bond for which he and his sureties would be liable for the property thus put out of his hands, should it not be delivered to the persons entitled thereto.

2. Where a bill is filed contesting a will on the same day of the qualification of the administrator with the will annexed, it is his duty to hold on to the property disposed of by the will until the contest is decided; and he cannot avoid responsibility, (nor can his sureties,) by permitting his wife to claim as devisee under the will if it be annulled.

In this case the bill contesting the will was filed on the very day on which the bond of the administrator with the will annexed, bears date, and on the same day the subpœna was served upon him; so that in fact there seems to have been no interval during which he could have performed any act under the alleged will, which was not subject to be avoided by the nullification of the will; he ought not, therefore, to have done any act whose validity depended exclusively upon the authority of the will. He could do no such act without responsibility on the part of himself and sureties, involving loss except so far as there might be an indemnity. If then the slave and watch mentioned in this will had been devised to a stranger, William M. Crow could not have freed himself and his sureties from responsibility by an actual delivery of them to the devisee at any time after he adminis-

tered. Much less were they relieved from responsibility by his retaining them in his own posession and control under color of the devise to his wife, or under color of her being possessed of them as devisee.

It appears that the watch was in the actual and separate possession of the administrator with the will annexed. And although the slave being in service in his house at the death of John Crow, and being thus under the actual control of his wife as well as of himself, might by construction have been regarded as being in her possession if she had been the legal owner, yet, as she in fact had no title which might draw the posession to it, and as it does not appear that there was any formal delivery to her as devisee or other formal recognition of her right, and especially as there was nothing of this sort before William M. Crow had notice that the will was contested, there seems to be no plausible ground or pretext for claiming that there were such an execution of the will as to the slave or the watch at a time when it might have been deemed valid, as to terminate all liability for them upon the bond. If William M. Crow had been the devisee instead of his wife, it might as well be said, that by retaining the property without right, he had discharged himself and his sureties from liability on the bond stipulating for its delivery to the persons entitled, as to say that the possession shown in this case is to be taken as an execution of the will, discharging the administrator who had the possession, and his sureties in the bond for its delivery from all liability on that bond for a failure to deliver the property to the persons entitled, and for whose security the bond was taken.

Without pursuing the argument further, we are of opinion that the obligors in this bond, executed by the administrator with the will annexed, are responsible for the fair value of the slave and the watch at the time when the alleged will was set aside, or declared not to be the will of John Crow by the decree of the court, and also for the value of the violin proved to

3. A slave in possession of the husband was devised to his wife; he qualified as administrator with the will annexed; on the same day a bill was filed contesting the will, and it was annulled. Held, that as there was no formal delivery, there was such title in the wife as drew to her the possession that her claiming right to the slave could not be regarded as an execution of the will, and the administrator and his sureties exonerated from responsibility to the heir.

4. The sureties in the bond of an administrator with the will annexed, should not be held responsible for the hire of a slave held by the administrator, under a

will which is vacated and annulled until the will is vacated.

have belonged to him, with interest upon these values from the date of said decree, in addition to the sum which was decreed against them on account of the note for about $200, which had come to the administrator's hands. But we are of opinion that equity does not require that the sureties in the bond should be held liable for the hire of the slave Henry, during any part of the time previous to the date of said decree, when he may have been held and used, in good faith, under the belief that the will was valid, and that he passed by the devise therein. We have fixed the date of the decree as the time for ascertaining the value, because William M. Crow, being then bound to deliver the boy to the administrator, did about that time carry him to Texas, where he has since resided, and did thus appropriate him to his own use, and has in fact been permitted thus to appropriate him, by the failure to pursue him, and by the adoption of this remedy for the recovery of his value against the sureties in his administration bond. In fixing the charges thus to be made against the parties to the bond, they will of course be credited by any necessary and proper disbursements made by the administrator, William M. Crow, and to commission thereon, to be ascertained, if necessary, by a commissioner.

Wherefore, the decree is reversed, and the cause remanded for a decree in conformity with this opinion.

THURMAN and HARDIN for plaintiffs; DUNLAP for defendants